## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD PETTIES,** | |
| **Plaintiff,** | **Civil Action No. 24-358 (MAS) (RLS)** |
| **v.** | |
| **ERIC S. CARAVELLA,** | **ORDER** |
| **Defendant.** | |

This matter comes before the Court on a civil complaint filed by Plaintiff Ronald Petties, a prisoner confined in South Woods State Prison. (ECF No. 1.) In order to proceed with a civil rights matter, a plaintiff must ordinarily either pay a total filing fee of $405, including a $350 filing fee and a $55 administrative fee, or submit a complete *in forma pauperis* application setting forth his indigence to the extent he wishes to proceed without the prepayment of filing fees.

Pursuant to the Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

Although prisoners who receive *in forma pauperis* status are not required to pay the $55 administrative fee applicable to civil actions, the statute does require prisoners to pay the full amount of the $350 filing fee as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having

custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this matter, Plaintiff has neither paid the filing fee, nor submitted an *in forma pauperis* application including a certified account statement.  This matter must therefore be administratively terminated until such time as Plaintiff either pays the applicable fees or files a complete *in forma pauperis* application, including a certified six-month account statement, setting forth his indigence.

**IT IS THEREFORE**, on this ___ day of January, 2024, **ORDERED** that:

1.  The Clerk of the Court shall administratively terminate this case; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally);

*Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs"),

2. The Clerk of the Court shall forward Plaintiff a blank form Application to Proceed In Forma Pauperis,

3. If Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Order; Petitioner's writing shall include either a complete *in forma pauperis* application including a certified account statement or the applicable filing fees,

4. Upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, accompanied by either the filing fees or a complete *in forma pauperis* application, the Clerk of the Court will be directed to reopen this case, and

5. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.


MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE